**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL COBB,** | : | **Case No. 1:02CV2184** |
| | : | |
| Petitioner, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | <u>**OPINION AND ORDER**</u> |
| **BENNIE KELLY,** | : | |
| Warden | : | |
| | : | |
| Respondent. | : | |

On November 6, 2002, Petitioner Michael Cobb filed a *Petition for a Writ of Habeas Corpus* (Doc. 1). Thereafter, on January 3, 2003, this case was automatically referred to Magistrate Judge William H. Baughman, Jr. (Doc. 8). On February 26, 2003, then-Respondent Linda Thomas filed a *Motion to Dismiss* (Doc. 15) arguing that, among other things, Cobb's petition was untimely pursuant to 28 U.S.C. § 2244(d)(1).[1] On March 3, 2003, the magistrate judge denied without prejudice that motion, indicating that the statute of limitations defense would be considered in conjunction with the merits of the petition. On March 26, 2003, Respondent filed an *Answer and Return of Writ* (Doc. 18). On May 29, 2003, Cobb filed a *Traverse to Return of Writ* (Doc. 20). On August 27, 2003, Cobb filed a *Supplemental Traverse* (Doc.

---

[1] On November 26, 2003, Magistrate Judge William Baughman, Jr. granted Cobb's motion to restyle the case's caption (Doc. 24) to identify Bennie Kelly as the new Warden / Respondent.

22).

On October 10, 2003, Cobb filed a motion seeking an evidentiary hearing (Doc. 23), which the magistrate judge denied without prejudice on October 14, 2003 (non-document docket entry). As with the motion to dismiss, the magistrate judge's order noted that the motion would be considered with the merits of Cobb's petition, at which time a determination would be made as to whether a hearing is warranted. On January 27, 2004, Cobb filed a letter inquiring about the denial of his request for an evidentiary hearing. Doc. 25. On January 28, 2005, the magistrate judge issued an order indicating that Cobb's letter would be viewed as a motion for reconsideration of Cobb's prior motion. In his order, the magistrate judge reiterated that Cobb's request for a hearing would be considered in conjunction with the merits of the petition.

On August 30, 2004, the magistrate judge issued a *Report and Recommendation* ("R&R") (Doc. 26) to this Court recommending that Cobb's petition be dismissed based on Cobb's failure to comply with the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations. That recommendation, if adopted, moots Cobb's request for an evidentiary hearing. On September 10, 2004, Cobb filed objections to the R&R (Doc. 29) challenging the date on which the one-year limitations period began to run. On September 17, 2004, the Respondent filed a one-page response stating that Cobb's objections raised no new factual or legal issue worthy of discussion. Doc. 30. On November 1, 2004, Cobb filed supplemental objections.[2] Doc. 33.

---

[2] Cobb has informed the Court of his transfer from Lorain Correctional Institution to Mansfield Correctional Institution. The warden of Mansfield Correctional Institution is Margaret Bradshaw. Given the Court's denial of Cobb's petition herein, it is unnecessary to re-caption this case a second time to reflect Margaret Bradshaw as the new Respondent.

## I. FACTUAL BACKGROUND

In that the legal issues on which the Court bases its decision do not turn on the merits of Cobb's petition, and especially in light of Cobb's narrow objections to the R&R, it is unnecessary for the Court to articulate in detail the underlying facts of Cobb's conviction. In that regard, the Court defers to the summaries provided in the R&R and the parties' respective filings, each of which accurately sets forth this case's factual history. To the extent necessary, the Court elaborates further below on factual or procedural issues worthy of additional consideration.

## II. STANDARD OF REVIEW

Because Cobb filed his petition on November 6, 2002, the AEDPA governs this Court's review.[3] Pursuant to the AEDPA, *habeas* petitions must be filed within one year of the latest of four triggering dates. *See* 28 U.S.C. § 2244(d)(1). In pertinent part, that section provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] The AEDPA applies if the petition was filed <u>after</u> the Act's <u>April 26, 1996</u> effective date.

3

>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

### III.  THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The magistrate judge concluded that Cobb's petition was untimely pursuant to the AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(1). As noted above, the latest of four triggering events determines when the one-year period begins to run. 28 U.S.C. § 2244(d)(1)(A)-(D). In this case, the magistrate judge correctly applied the first trigger and determined that the limitations period began to run on the "date on which [Cobb's] judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). He incorrectly stated in the R&R, however, that Cobb failed to argue that any of the three other triggers apply. Indeed, though ultimately of no consequence, Cobb argued in his *Traverse* (Doc. 20 at pp. 7-12), and continues to argue in his objections (Docs. 29 and 33), that 28 U.S.C. § 2244(d)(1)(D) establishes the applicable start date of the one-year statute of limitations. As outlined further below, however, § 2244(d)(1)(D) does not apply here.

Having concluded that Cobb's petition is untimely, the magistrate judge further considered whether the equitable tolling doctrine cured that procedural defect. *See generally, Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004). After a thorough analysis of the equitable tolling factors, he correctly concluded that the one-year statute of limitations should not be tolled such that Cobb's petition was timely filed. Cobb's petition, therefore, must be denied.

### IV.  DISCUSSION

4

As noted above, the essence of Cobb's objections is that the magistrate judge *erroneously applied* the AEDPA's one-year statute of limitations by utilizing the wrong start date. The magistrate judge applied 28 U.S.C. § 2244(d)(1)(A), while Cobb argues that 28 U.S.C. § 2244(d)(1)(D) applies. For the reasons that follow, however, 28 U.S.C. § 2244(d)(1)(D) does not apply in this case. Though Cobb alternatively argued in his initial filings that the equitable tolling doctrine rescues his petition in any event, he seemingly passes on that argument in his objections when he states that his "petition does not need equitable tolling consideration because it was timely brought under 2244(d)(1)(D)." This is especially curious because the magistrate judge addressed that issue at length. *See* Doc. 29 at p. 8. Regardless, equitable tolling is not applicable in this case.

### A. 28 U.S.C. § 2244(d)(1)(D) Does Not Apply To Cobb's *Habeas* Petition.

Cobb's objections correctly observe that the magistrate judge ignored his argument that 28 U.S.C. § 2244(d)(1)(D) determines the start date for the one-year statute of limitations. Instead, citing only 28 U.S.C. § 2244(d)(1)(A), and incorrectly stating that Cobb has not argued for an alternative start date, the magistrate judge concluded that the one-year clock began to run on February 27, 1998 and expired on February 27, 1999.[4] As outlined below, however, Cobb has unambiguously argued that, *per* 28 U.S.C. § 2244(d)(1)(D), the clock began to run on July 19, 1999 because that is the day he discovered the factual predicate of his claims for *habeas* relief. *See* Doc. 20 at pp. 7-12. That argument, though undoubtedly having been asserted, is without merit.

Were Cobb correct that § 2244(d)(1)(D) applied in this case, it appears that his petition may timely

---

[4] Cobb's guilty plea was journalized on January 27, 1998. *Per* Ohio Appellate Rule 4(A), Cobb had until February 27, 1998 to seek direct review of his conviction. *See* Doc. 26 at p. 4.

5

have been filed. After his conviction on January 27, 1998, Cobb asserts that he immediately requested his "file" (i.e., the trial court record) from the trial judge. He claims that his first attempt was by letter to the trial judge immediately following his conviction. Claiming to have received no response, Cobb filed a "motion for records" on July 17, 1998 – about 5 months after his conviction, and about 4 months after the deadline for filing a notice of appeal. The trial court denied Cobb's motion on December 4, 1998. Cobb maintains, however, that he never received notice of that decision.

Though he does not specifically identify when or how, Cobb claims that he later learned of the trial court's December 4, 1998 decision.[5] Thereafter, he began writing letters to the court reporter's office and his two lawyers attempting to get copies of his file. Though the record does not contain copies of Cobb's letters, it contains written responses from the court reporter's office and Cobb's lawyers, Daniel Taylor and Richard Walsh, each of which acknowledge Cobb's letters by date. The court reporter's letter requested $45.90 for a copy of the trial transcript, and Cobb's attorneys' letters simply indicate that Cobb's file documents were to be provided to him.

On July 19, 1999 – over a year after he pleaded guilty – Cobb received his file documents in prison. On September 15, 1999, he filed a motion for a delayed appeal in the Eighth District Court of Appeals (Cuyahoga County, Ohio) ("Eighth District"), which that court granted on October 18, 1999. The Eighth District affirmed Cobb's conviction on March 19, 2001. Cobb appealed that decision to the Supreme Court of Ohio on June 26, 2001, but the Court declined to hear his appeal.

---

[5]  In that Cobb's next letter apparently was dated March 18, 1999 (as identified in an April 12, 1999 response from the Cuyahoga Court of Common Pleas Court Reporter's Office), the Court presumes that he learned of the trial court's December 4, 1998 decision sometime prior to March 18, 1999.

Cobb also filed a motion for post-conviction relief on July 17, 2000, which the trial court denied on September 7, 2001. On appeal, the Eighth District affirmed the trial court's denial of post-conviction relief. Cobb did not appeal the Eighth District's ruling to the Supreme Court of Ohio.

With this procedural background in mind, Cobb argues that the AEDPA's one-year statute of limitations began to run, not on February 27, 1998 (the deadline for filing his direct appeal), but on July 19, 1999 (the day he received his file documents). Cobb bases his argument on 22 U.S.C. § 2244(d)(1)(D), which provides (as noted above):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> * * *
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In sum, he argues that receipt of his file documents on July 19, 1999 constitutes "discovery of the factual predicate" upon which his asserted *habeas* grounds for relief are based, and that he diligently pursued discovery of that information such that § 2244(d)(1)(D) operates as the relevant trigger for the one-year limitations period.

If July 19, 1999 were the appropriate start date, Cobb's delayed appeal that was filed on September 15, 1999 – i.e., 2 months later – would have tolled the one-year limitations period during the pendency of the direct appeal, plus an additional ninety days allotted for seeking review from the United States Supreme Court. *See generally, Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001) (delayed appeal tolls the statute of limitations period); *Isham v. Randle*, 226 F.3d 691 (6th Cir. 2000) (criminal defendants have ninety days following entry

7

of judgment by the state's highest court to seek review by the United States Supreme Court); *Penry v. Lynaugh*, 492 U.S. 312 (1989) (direct review includes the ninety-day period for seeking certiorari). In that the Supreme Court of Ohio denied Cobb's appeal on January 16, 2002, the AEDPA clock would have started to run again on April 13, 2002 (i.e., ninety days later).

Cobb filed his *habeas* petition on November 6, 2002 – just under 7 months later. Accordingly, if July 19, 1999 were the start date, taking into consideration the tolling outlined above, only approximately 9 months would have run by the time Cobb filed his petition on November 6, 2002 (i.e., 2 months before, and just under 7 months after, his delayed appeal). Cobb's argument that § 2244(d)(1)(D) sets the start date at July 19, 1999, however, is premised on a fundamental misunderstanding of that section.

Section 2244(d)(1)(D) prevents the statute of limitations period from starting if the factual basis for an asserted ground for relief is unknown at the point when the limitations period would normally start to run – which is typically at the conclusion of direct review as set forth in § 2244(d)(1)(A). For example, § 2244(d)(1)(D) is often used when new evidence comes to light – evidence of which the petitioner was not only unaware, but could not have reasonably known about prior to the date of discovery. Further, and most importantly, the newly discovered information *must form the predicate for the asserted ground for relief*. *See e.g., Townsend v. Lafler,* 99 Fed. Appx. 606 (6th Cir. 2004); *Stokes v. Leonard*, 36 Fed. Appx. 801 (6th Cir. 2002); *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2004). In such circumstances, petitioners may be afforded one-year from the date of discovery to file their habeas petitions, provided they also exercised diligence in discovering the new information.

Setting aside the diligence issue, Cobb's receipt of the trial court record on July 19, 1999 did not give rise to the factual predicates underlying his three grounds for *habeas* relief. Indeed, his first two grounds – 1)

8

that the trial court violated Criminal Rule 11 such that his guilty plea was not voluntary; and 2) that trial counsel were constitutionally ineffective by failing to argue "provocation" as a mitigating factor to the murder charge – were asserted on direct review below. They, and their factual predicates, were known as of the time of trial; while receipt of the transcript may have aided Cobb's ability to describe those alleged improprieties, he cannot deny that he was present when they occurred. Similarly, his third ground for relief – that trial counsel were constitutionally ineffective by failing to utilize a psychologist's report to argue that Cobb was incompetent – was asserted to the trial court in Cobb's motion for post-conviction relief.[6] Again, to the extent counsel erred in this regard, they did so at trial – evidence of their failures *de hors* the record.

It is clear, therefore, that Cobb was aware of the facts underlying these grounds long before July 19, 1999. Indeed, he was aware of the facts and his lawyers' use, or non-use, of those facts on the day he pleaded guilty. Moreover, Cobb cites no authority for the proposition that a petitioner's failure to have a copy of the trial court record implicates § 2244(d)(1)(D), nor has the Court found such authority.

Accordingly, 28 U.S.C. § 2244(d)(1)(D) does not apply to determine that start date for the AEDPA's one-year statute of limitations. Instead, 28 U.S.C. § 2244(d)(1)(A) applies and started the one-year clock on February 27, 1998. Because Cobb did not file his delayed appeal until September 15, 1999 – i.e., more than a year later – the one-year limitations period had already expired. In this context, a delayed appeal does not restart the clock. Absent some other basis for tolling, therefore, Cobb's *habeas* petition, which was filed on November 6, 2002, is time-barred.

---

[6] Though the Court need not directly review the issue, it appears as though the incompetency ground for relief is procedurally defaulted in any event because it was only asserted in Cobb's motion for post-conviction relief and never appealed beyond the Eighth District.

9

### B. Equitable Tolling Does Not Apply To Cure Cobb's Untimely *Habeas* Petition.

As noted above, absent some alternative basis for tolling the AEDPA's one-year statute of limitations, Cobb's petition is time-barred. Though Cobb argues in his initial filings that the equitable tolling doctrine applies, an argument that the magistrate judge squarely addressed, he seemingly waives that argument post-R&R by failing clearly to object to the magistrate judge's conclusion that it does not apply and stating that the doctrine is not necessary in light of § 2244(d)(1)(D). *See* Doc. 29 at p. 8. Given the forgoing analysis, Cobb's reliance solely on § 2244(d)(1)(D) is fatal, and his failure to directly object to the magistrate judge's conclusions that equitable tolling does not apply results in a waiver of that argument.

Unlike the § 2244(d)(1)(D) issue, the magistrate judge thoroughly analyzed Cobb's arguments and the relevant factors relating to equitable tolling in concluding that the doctrine does not apply to rescue Cobb's untimely petition. For the reasons outlined by the magistrate judge, and in light of Cobb's acquiescence on this issue, the Court similarly concludes that equitable tolling does not apply and adopts the magistrate judge's reasoning set forth in the R&R. Accordingly, Cobb's petition must be denied as untimely.

### E. Cobb's Motion For An Evidentiary Hearing Is Denied As Moot.

Because the Court does not reach the merits of Cobb's petition, his request for an evidentiary hearing is **DENIED as moot**.

### V. CONCLUSION

Finding none of Cobb's objections to the R&R meritorious, and that the R&R ultimately identified and reasonably applied the appropriate legal standards in determining that Cobb's petition is untimely, the Court hereby adopts the magistrate judge's recommendation that Cobb's petition be denied. Accordingly, Michael Cobb's Petition for a *Writ of Habeas Corpus* is **DENIED and his case DISMISSED.**

**IT IS SO ORDERED.**

<u>s/Kathleen M. O'Malley</u>
**KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE**

**Dated:** April 29, 2005